SUSAN DAVIS, Appellant, v. THE CITY OF KINGSTON, Respondent.

N. Y. Supreme Court, Third Department, General Term, May 27, 1889.

*Municipal coporation. Negligence. Constructive notice.*—In an action for personal injuries on the ground of negligence in not cleaning off a sidewalk, when the time from the formation of the ice thereon to the accident, is so short that no inference of constructive notice to the city can be reasonably made, the court may properly take the case from the jury.

The action is brought for the city's negligence.

Appeal from a judgment dismissing plaintiff's complaint.

*William Lounsberry*, for appellant.

*G. D. B. Hasbrouck*, for respondent.

PER CURIAM.—It snowed on Thursday; rained on Friday; froze on Saturday night.

Sunday morning plaintiff fell on the ice. She claims that there was constructive notice to defendant, and that defend-

ant was, therefore, negligent in not cleaning off the sidewalk on this business street.

There was no other evidence of the existence of the ice prior to the accident, than can be inferred from the facts above stated, and the plaintiff's testimony that there was ice on the sidewalk Saturday night. While it may be a question for the jury as to the length of time necessary to constitute constructive notice, in all cases where such notice could be reasonably inferred, yet when the time is so short that no such interference could be reasonably made, then the court may properly take the case from the jury. Such was the Muller Case, 32 Hun, 24; aff'd 105 N. Y. 668; 8 N. Y. State R. 910. Such, we think, is the present case.

It would be an improper inference to hold that on Sunday morning the city had had constructive notice of ice on a sidewalk which, so far as the evidence shows, was not formed before the previous day. And it cannot justly be argued that the existence of soft snow (or slush) on the sidewalk, Saturday, was evidence of constructive notice. The city could not foresee that this " slush " would freeze, and form ice. Rain might come and wash it all away. In the uncertainties of our winter climate, a city cannot be expected to guard against such contingencies.

The judgment should be affirmed, with costs.